UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Arthur D. Hale; and<br>Patricia J. Hale,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>Saleeby and Cox, P.A Law Firm;<br>Edward E. Saleeby, Jr.;<br>James C. Cox, Jr.; and<br>Kernard E. Redmond,<br>　　　　　　　　Defendants. | )   C/A 4:08-CV-437-RBH-TER<br>)<br>)<br>)<br>)  Report and Recommendation<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

The plaintiffs, Arthur and Patricia Hale ("Plaintiffs"), proceeding *pro se*, bring this legal malpractice action suing the law firm and legal counsel that represented them in a prior federal court case, C/A No. 4:03-3625-RBH.[1] Plaintiffs are proceeding *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a law firm and individual attorneys as defendants. Plaintiffs claim contempt of court, negligence, legal malpractice, conspiracy, obstruction of justice, perjury, breach of contract, and breach of trust. The complaint requests monetary damages. The complaint must be dismissed based on lack of jurisdiction.

### *Pro Se* and *In Forma Pauperis* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon*

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

*v. Leeke*, 574 F.2d 1147 (4th Cir.).

The complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii).

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

<u>Discussion</u>

The complaint claims contempt of court, negligence, legal malpractice, conspiracy, obstruction of justice, perjury, breach of contract, and breach of trust by the defendants [docket # 1-3]. The contempt of court claim is based on an order issued on February 7, 2005, in Plaintiffs' prior case in this Court, *Hale v. Williamsburg County Codes Enforcement, et al.*, C/A No. 4:03-3625-RBH (D.S.C. 2005). In the order, the Honorable R. Bryan Harwell, United States District Judge, dismisses

the state common law claims, and states

> [ t]he Court notes that the statute of limitations on the plaintiff's state common law causes of actions were tolled while the claims were pending in this Court, and for a period of **thirty (30) days** after they are dismissed. 28 U.S.C. § 1367(d). Therefore, pursuant to 28 U.S.C. § 1367(d) and *Jinks v. Richland County, S.C.*, 538 U.S. 456 (2003), the plaintiffs have thirty (30) days from the date this Order is filed to commence their state common law causes of action in State court. Notably, commencement of action is governed by Rule 3 of the South Carolina Rules of Civil Procedure. [emphasis in original].

The Court did not direct or order that a state court action be commenced, so no issue of contempt of court exists based on failure to comply with a court order, as Plaintiffs contend. Any possible duty, and subsequent failure of that duty, to file in State court would not stem from federal law, but from state law, just as the remaining claims of the complaint stem from state law.

For this Court to hear and decide a case, the Court must have jurisdiction over the subject matter of the litigation. The law is well settled that federal courts are courts of limited jurisdiction. Federal courts possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Turner v. Bank of North America*, 4 U.S. (4 Dall.) 8, 11 (1799). The burden of establishing that a federal court has jurisdiction rests upon the party asserting a case. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and used bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. In cases with state law claims, pendant jurisdiction pursuant to 28 U.S.C. § 1367 could also be utilized in certain circumstances.

Federal question jurisdiction is based on 28 U.S.C. § 1331, which provides "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." However, "[t]he mere assertion of a federal claim is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331 . . . . 'Federal jurisdiction requires that a party assert a substantial federal claim.'" *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (quoting *Davis v. Pak*, 856 F.2d 648, 650 (4th Cir. 1988)). The factual allegations of the complaint and the claims brought by Plaintiffs in the complaint are insufficient to show that the case raises a substantial federal claim. Claims based on state law do not arise from federal laws, treaties or the U. S. Constitution. Thus, the complaint does not raise a claim against the Defendants that is cognizable under this Court's "federal question" jurisdiction.

"Supplemental jurisdiction" is available for a district court to hear state law claims along with federal law claims. *Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 387 (1998). Title 28 U.S.C. § 1367(a) requires such state claims to be "so related" to the federal claims "that they form part of the same case or controversy." A viable federal law claim is necessary, however, to which the state law claim is related. As discussed, the complaint fails to raise a federal claim, so supplemental jurisdiction is unavailable to consider Plaintiffs' state law claims.

State law claims can be considered by a federal district court if diversity of citizenship exists pursuant to 28 U.S.C. § 1332; *see Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-791 (D.S.C. 1992). The diversity statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 &

4

nn. 13-16 (1978). This Court does not have diversity jurisdiction pursuant to 28 U.S.C. § 1332 in this case because according to the complaint all of the parties, Plaintiffs and Defendants, are citizens of South Carolina.

Thus, the complaint does not raise a claim against the Defendants that is cognizable under this Court's limited jurisdiction. The allegations in the complaint do not meet Plaintiffs' burden of establishing that this federal court has jurisdiction in this case. This case must be dismissed based on lack of subject matter jurisdiction.

## Recommendation

Accordingly, it is recommended that the District Judge dismiss the complaint in this case *without prejudice* and without issuance and service of process. The plaintiff's attention is directed to the notice on the following page.

 s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

June 12, 2008  
Florence, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).